**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

JOHNNY LEE BIXLER,

      Petitioner,

v.                                   Case No. 2:09-CV-11071

SHARI HARRY,

      Respondent.

_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS**
**PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Johnny Lee Bixler, presently incarcerated at the Muskegon

Correctional Facility in Muskegon, Michigan, has filed an independent action for relief

from judgment under Federal Rule of Civil Procedure 60(b).  In his *pro se* motion,

Petitioner alleges that this court erred in denying habeas relief on several ineffective

assistance of counsel claims that Petitioner raised in a previous habeas petition, in

which he challenged his conviction for three counts of first degree criminal sexual

conduct, one count of armed robbery, and being a third habitual offender.   For the

reasons stated below, the court will transfer the matter to the United States Court of

Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to

file a second or successive habeas petition.

**I.  BACKGROUND**

On December 26, 2007, the court issued an opinion and order denying

Petitioner's application for a writ of habeas corpus brought pursuant to 28 U.S.C. §

1

2254. *Bixler v. Bell*, No. 07-CV-11781, 2007 WL 4570073 (E.D. Mich. Dec. 26, 2007); *recon. denied* (E.D. Mich. Feb. 7, 2008). The Sixth Circuit denied Petitioner a certificate of appealability. *Bixler v. Bell*, No. 08-1081(6th Cir. Sept. 4, 2008); *reh. den.* (6th Cir. December 8, 2008).

Petitioner has now filed an independent action for relief from judgment under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), in which he claims that the court erred in its resolution of Petitioner's ineffective assistance of counsel claims.

## II.  DISCUSSION

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted ("AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the court of appeals no matter how meritorious the district court believes

2

the claim to be. *Id.*; *See also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

As an initial matter, Petitioner is unable to file a motion for relief from judgment under Rule 60(b) as an independent action to challenge his state court convictions. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A Rule 60(b) motion for relief from judgment is not an appropriate vehicle for a habeas petitioner to attempt to have his criminal conviction set aside. *See United States v. Pope,* 124 F. App'x 680, 682 (2d Cir. 2005). Although a Rule 60(b) motion may be used "to set aside a habeas denial" in certain limited circumstances, such a motion "does not itself seek habeas relief." *Id.* (quoting *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004)).

The United States Supreme Court has held that a Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the court of appeals before filing, pursuant to the

3

provisions of § 2244(b).  *See Gonzalez v. Crosby,* 545 U.S. 524, 530-31 (2005).

Therefore, a habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal

court's denial on the merits of a claim for relief should be treated as a successive

habeas petition."  *Id.* at 2649.

     Petitioner's motion for relief from judgment amounts to a second or successive

habeas petition, because the motion seeks to advance a claim that the court previously

considered and dismissed on substantive, constitutional grounds.  *See Post v.*

*Bradshaw,* 422 F. 3d 419, 424-25 (6th Cir. 2005).  Petitioner's Rule 60(b) motion is not

merely an attempt to rectify a defect in the habeas corpus proceedings, but instead

reasserts the substance of Petitioner's ineffective assistance of counsel claims and

would constitute an impermissible attack on the court's previous resolution of the claims

on the merits.  *See Henderson v. Collins,* 184 Fed. App'x. 518, 523 (6th Cir. 2006).

Petitioner's Rule 60(b) motion seeks the vindication of, or advances, his ineffective

assistance of counsel claims because Petitioner is taking steps that lead inexorably to a

merits-based attack on the prior dismissal of his habeas petition.  *Post,* 422 F. 3d at

424-25 (citing *Gonzalez,* 545 U.S. at 530-32).  Because Petitioner's Rule 60(b) motion

qualifies as a second or successive habeas petition, Petitioner is required to obtain

authorization from the Sixth Circuit before he can file a new habeas petition.

     Although neither party raised the issue of this being a second or successive

petition, it is appropriate for this court to consider the issue *sua sponte* because subject

matter jurisdiction goes to the power of the courts to render decisions under Article III of

the Constitution.  *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

Because this appears to be a second or successive habeas petition, it would be error

4

for this court to dismiss the petition as being time barred, rather than transfer it to the

Sixth Circuit, because such a timeliness inquiry would be premature prior to any

determination by the Sixth Circuit whether Petitioner should be given authorization

pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition.  *See In Re*

*McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

### III.  CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent

petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly,

IT IS ORDERED that the Clerk of the Court transfer this case to the United

States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re*

*Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


s/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 23, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, April 23, 2009, by electronic and/or ordinary mail.


s/Lisa G. Wagner_____
Case Manager and Deputy Clerk
(313) 234-5522